UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

| Case No. | 5:26-cv-00261-MEMF-DFM | Date | January 26, 2026 |
|---|---|---|---|
| Title | *Hellen Maria Baldizon v. Kristi Noem et al* | | |

Present:   The Honorable:    Maame Ewusi-Mensah Frimpong

Damon Berry
Deputy Clerk

Court Reporter / Recorder

Attorneys Present for Plaintiffs:

Attorneys Present for Defendants:

**PROCEEDINGS: (IN CHAMBERS) ORDER GRANTING PETITIONER'S EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER [DKT. NO. 4-1]**

Before the Court is Petitioner Hellen Maria Baldizon's Ex Parte Application for Temporary Restraining Order. Dkt. No. 4-1 ("Application"). The Government did not file a response to the Application. For the reasons discussed below, the Court GRANTS the Application.

**Factual and Procedural Background[1]**

Petitioner Hellen Maria Baldizon is a Nicaraguan political refugee, who is seeking asylum in the United States. *See* Application at 4. On October 31, 2021, U.S. Customs and Border Protection[2] took Petitioner into custody and on November 5, 2021, Petitioner was released on her own recognizance pursuant to 8 U.S.C. § 1226(a), without any requirement that she post bond, when immigration officials determined that she was neither a flight risk nor threat to others. Application at 4. Petitioner was also provided with a notice that she was inadmissible to the United States under 8 U.S.C. § 1225(b)(1). *Id.* Petitioner has no criminal record, is not a national security risk and does not pose a flight risk or threat to the community, and she has complied with the conditions of her 2021 parole. *Id.*

Petitioner applied for and received work authorization from the Department of Homeland Security ("DHS") that is valid through February 28, 2030 and began working as a caretaker and housekeeper. *Id.* at 5. On December 8, 2025, Petitioner was re-arrested and re-detained when she

---

[1] Unless otherwise indicated, the following factual background is derived from the Petition for a Writ of Habeas Corpus, Dkt. No. 1 ("Petition"), and the Application for Temporary Restraining Order, Dkt. No. 4-1 ("Application"). This Court is not, at this time, making a final determination as to the veracity of the facts stated therein.

[2] The Petitioner describes the agency as "United States Border Patrol," but the Court understands this to be a reference to U.S. Customs and Border Protection.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 5:26-cv-00261-MEMF-DFM | Date | January 26, 2026 |
|----------|------------------------|------|------------------|
| Title | *Hellen Maria Baldizon v. Kristi Noem et al* | | |

attended a scheduled appointment in San Francisco, California with USCIS. *Id.* She did not receive any notice specifying why she was re-detained, or any explanation as to why she was treated as subject to expedited removal proceedings after she had been paroled since November 5, 2021. *Id.* On December 8, 2025, an asylum officer made a negative credible fear determination in accordance with expedited removal procedures, and on January 16, 2026, an immigration judge affirmed the asylum officer's negative fear finding in Petitioner's case. *Id.* Moreover, on January 16, 2026, Petitioner's counsel submitted to ICE a request to vacate and stay a removal order on the grounds that Petitioner was placed into expedited removal proceedings in violation of her statutory and constitutional rights, which is now pending. *Id.* at 5-6.

On January 21, 2026, Petitioner filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 in this matter, and an Ex Parte Application for Temporary Restraining Order. *See* Petition; Application. In her TRO, she argues that (1) that her detention violated her Fifth Amendment right to substantive due process; (2) her detention violated her Fifth Amendment right to procedural due process; (3) and that her detention violated 8 U.S.C. § 1226(a) because she was unlawfully subjected to expedited removal proceedings after being on parole for over four years. *See* Application at 7-21. On January 22, 2026, the Court issued an Order requiring Respondents to file a response to the TRO by January 23, 2026 at 5 PM. *See* Dkt. No. 5. Respondents did not file a response. This Court has reviewed the filings and deemed this matter appropriate for decision without scheduling a hearing. L.R. 83-9.1.1.

**Legal Standard**

*Preliminary Injunction*

The analysis that courts must perform for temporary restraining orders and preliminary injunctions is "substantially identical." *Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 (9th Cir. 2001). Federal Rule of Civil Procedure 65 sets forth the procedure for issuance of a preliminary injunction. *See* Fed. R. Civ. P. 65(b). "A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008). To qualify for injunctive relief, Plaintiff must demonstrate: (1) a likelihood of success on the merits; (2) a likelihood that he will suffer irreparable harm without an injunction; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest. *Id.* at 20. This Court cannot grant the preliminary injunction "unless the movant, by a clear showing, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997).

The Ninth Circuit has held that injunctive relief may issue, even if the moving party cannot show a likelihood of success on the merits, if "'serious questions going to the merits' and a balance of hardships that tips sharply towards the plaintiff can support issuance of a preliminary injunction, so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011). Under either formulation of the principles, preliminary injunctive relief should be denied if the probability of success

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 5:26-cv-00261-MEMF-DFM | Date | January 26, 2026 |
|---|---|---|---|
| Title | *Hellen Maria Baldizon v. Kristi Noem et al* | | |

on the merits is low. *See Martin v. Int'l Olympic Comm.*, 740 F.2d 670, 675 (9th Cir. 1984) ("[E]ven if the balance of hardships tips decidedly in favor of the moving party, it must be shown as an irreducible minimum that there is a fair chance of success on the merits.").

*Habeas Petitions in the Immigration Detention Context*

District Courts are "generally prohibit[ed]" from "entering injunctions that order federal officials to take or to refrain from taking actions to enforce, implement, or otherwise carry out" certain provisions of the INA, found in 8 U.S.C. sections 1221 to 1232. *Garland v. Aleman Gonzalez*, 596 U.S. 543, 550 (2022). But "lower courts retain the authority to 'enjoin or restrain the operation of' the relevant statutory provisions 'with respect to the application of such provisions to an individual [noncitizen] against whom proceedings under such part have been initiated.' *Id.* (quoting 8 U.S.C. § 1252(f)(1)). This Court, therefore, may grant relief in "individual cases." *Reno v. American-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 481–82 (1999).

**Discussion**

**A. This Court has jurisdiction to review Petitioner's claims.**

Respondents did not file a response and thus did not challenge this Court's jurisdiction. The Court therefore understands that the Respondents concede this Court has jurisdiction.

Despite this concession, this Court has nevertheless considered the jurisdiction-stripping provisions of the INA to determine whether this Court has jurisdiction.

Section 1226(e) states that: "The Attorney General's discretionary judgment regarding the application of this section shall not be subject to review. No court may set aside any action or decision by the Attorney General under this section regarding the detention of any alien or the revocation or denial of bond or parole." 8 U.S.C. § 1226(e). But the Supreme Court has held that "Section 1226(e) contains no explicit provision barring habeas review." *Demore v. Kim*, 538 U.S. 510, 517 (2003). It does not preclude "habeas jurisdiction over constitutional claims or questions of law." *Hernandez v. Sessions*, 872 F.3d 976, 987 (9th Cir. 2017) (quoting *Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011)). The Ninth Circuit has reiterated that there is "jurisdiction under 28 U.S.C. § 2241 to consider any error of law in [Petitioner's] agency proceedings, including any claimed due process violation." *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1209 (9th Cir. 2022).

Here, Petitioner challenges whether she was provided due process in her re-detention, and given that she was on parole, whether Petitioner was lawfully subject to expedited removal proceedings under Section 1226(a). *See* Application at 7-21. These are not matters "of 'discretionary judgment,' 'action,' or 'decision,'" so Petitioner's challenge "falls outside of the scope of Section 1226(e)." *See Jennings v. Rodriguez*, 583 U.S. 281, 296 (2018); *see also Rodriguez v. Marin*, 909 F.3d 252, 256 (9th Cir. 2018).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA


**CIVIL MINUTES – GENERAL**

| Case No. | 5:26-cv-00261-MEMF-DFM | Date | January 26, 2026 |
|---|---|---|---|
| Title | *Hellen Maria Baldizon v. Kristi Noem et al* | | |

Accordingly, the Court finds there is jurisdiction to hear the habeas petition and consider the granting of injunctive relief as a preliminary matter, if appropriate.[3]

**B.  Applying the *Winter* factors, Petitioner is entitled to a temporary restraining order.**

As discussed above, the standard for granting a temporary restraining order and a preliminary injunction is substantively identical. Given the urgency of this matter, this Court has only considered whether Petitioner is entitled to a temporary restraining order. Having determined below that she is entitled to a temporary restraining order, the Court will issue an order to show cause as to why a preliminary injunction should issue, which should permit further development of the record and additional briefing.

Petitioner advances three grounds upon which a temporary restraining order should be granted: First Petitioner argues that her detention violated her Fifth Amendment right to substantive due process. *See* Application at 7-11. Second, she argues that her detention violated her Fifth Amendment right to procedural due process. *Id.* at 11-17. Finally, she argues that her detention violated 8 U.S.C. § 1226(a) because she was unlawfully subjected to expedited removal proceedings after being on parole for over four years. *See id.* at 17-21. The Court applies the *Winter* factors to Petitioner's claims below.

    i.    <u>The first *Winter* factor, likelihood of success on the merits, is met.</u>

In her second claim, Petitioner argues that she is entitled to release because the Government violated procedural due process by re-detaining her without notice and an opportunity to be heard. For the reasons below, this Court finds she is likely to succeed on the merits of this claim. The Court therefore need not reach the other claims at this time.

"'The Fifth Amendment entitles [noncitizens] to due process of law' in the context of removal proceedings." *Trump v. J. G. G.*, 145 S. Ct. 1003, 1006 (2025) (quoting *Reno v. Flores*, 507 U.S. 292, 306 (1993)). Accordingly, immigration detainees pending removal are "entitled to notice and opportunity to be heard 'appropriate to the nature of the case.'" *Id.* (quoting *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)).

Here, Respondents did not oppose Petitioner's Application and thus concede that Petitioner has a right to notice and the opportunity to be heard on her re-detention, consistent with the applicable regulations. Because Petitioner was re-detained after being released on parole for four years without an individualized reason "for the revocation[] of her parole" or an opportunity to contest the basis for her revocation of parole and re-detention, the Court finds that Petitioner is likely to succeed in showing

---

[3] Because Section 1226(e) does not bar the review of Petitioner's due process challenge, neither does the discretionary review provision in Section 1252(a)(2)(B)(ii).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 5:26-cv-00261-MEMF-DFM | Date | January 26, 2026 |
|---|---|---|---|
| Title | *Hellen Maria Baldizon v. Kristi Noem et al* | | |

Respondents violated her procedural due process rights under the Fifth Amendment. *See* Application at 11-17; *see also* LeRoy Decl. ¶¶ 9-10, Dkt. No. 4-2. Thus, the first *Winter* factor is met as to Petitioner's second claim. The Court need not address her substantive due process violation or violation of the INA because the Court found Petitioner is likely to succeed on her procedural due process claim.

ii.     <u>The second *Winter* factor, a demonstrated likelihood of irreparable harm absent an
injunction, is met.</u>

To establish the second *Winter* requirement, Petitioner must demonstrate a likelihood that she will suffer irreparable harm without a temporary restraining order. This Court finds that she has done so.

As a threshold matter, Petitioner has "established a likelihood of irreparable harm by virtue of the fact that [she is] likely to be unconstitutionally detained for an indeterminate period of time." *Hernandez v. Sessions*, 872 F.3d 976, 994 (9th Cir. 2017). Also, "it is well established that the deprivation of constitutional rights 'unquestionably constitutes irreparable injury.'" *Melendres v. Arpaio*, 695 F.3d 990, 1002 (9th Cir. 2012) (quoting *Elrod v. Burns*, 427 U.S. 347, 373 (1976)). Moreover, Petitioner's ongoing detention of indeterminate length inherently risks her irreparable harm, as it is not clear when she will be processed, released, or removed. Respondents do not respond to this argument and thus concede it. *See* Application at 21-22. Thus, as this Court has already found that Petitioner has a sufficient likelihood of success on the merits of her challenge to her current detention—in part based upon Petitioner's constitutional rights—this Court finds the second *Winter* factor is met.

iii.     <u>The third and fourth *Winter* factors, balancing the equities and considering the public
interest, are met.</u>

When, as here, the nonmoving party is a governmental entity, the last two *Winter* factors "merge." *Nken v. Holder*, 556 U.S. 418, 435 (2009). This Court then considers the third and fourth factors—whether the "balance of equities" is in Petitioner's favor and whether an injunction is in the public interest—jointly. *All. for the Wild Rockies*, 632 F.3d at 1135.

The balance of equities appears to tilt in Petitioner's favor. The Government "cannot reasonably assert that it is harmed in any legally cognizable sense" by being compelled to follow the law. *Zepeda v. I.N.S.*, 753 F.2d 719, 727 (9th Cir. 1983). And "[a]ny additional administrative costs to the government are far outweighed by the considerable harm to plaintiffs' constitutional rights in the absence of the injunction." *Hernandez*, 872 F.3d at 996. "Faced with such a conflict between [the minimal cost to implement additional due process safeguards] and preventable human suffering," this Court finds ample reason to conclude that "the balance of hardships tips decidedly in plaintiffs' favor." *Lopez v. Heckler*, 713 F.2d 1432, 1437 (9th Cir. 1983). And, for related reasons, an injunction is in the public interest. "Public interest concerns are implicated when a constitutional right has been violated, because all citizens have a stake in upholding the Constitution." *Preminger v. Principi*, 422 F.3d 815, 826 (9th Cir. 2005). Again, Respondents do not respond to this argument and thus concede it. *See* Application at 22-

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 5:26-cv-00261-MEMF-DFM | Date | January 26, 2026 |
|----------|------------------------|------|------------------|
| Title | *Hellen Maria Baldizon v. Kristi Noem et al* | | |

23. In sum, the third and fourth *Winter* factors are met here.

**Conclusion**

For the foregoing reasons, the Application is GRANTED. Petitioner's request for a temporary restraining order is GRANTED. This Court will rule on the request for a preliminary injunction following the Order to Show Cause hearing described below.

1. Respondents are ORDERED to release Petitioner from custody as soon as reasonably practicable, and not re-detain her without compliance with 8 C.F.R. § 241.4(*l*)(1), 8 C.F.R. § 241.13(i), and 8 U.S.C. § 1231;

2. Respondents are enjoined from relocating Petitioner outside of the Central District of California pending final resolution of this matter;

3. This Court orders Respondents to show cause, in writing, as to why a preliminary injunction should not issue.
   a. Respondents' brief is due at 5 PM on Monday, February 2, 2026. Petitioner may file a response brief by Wednesday, February 4, 2026.
   b. The parties may stipulate to a different briefing schedule via joint stipulation filed by 5 PM on Monday, February 2, 2026. Should the parties wish to extend either briefing deadline past Monday, February 9, 2026, the parties should also stipulate that this temporary restraining order may remain in effect (without converting to a preliminary injunction) through this Court's decision on the preliminary injunction.
   c. The parties' briefing on the preliminary injunction should address whether the granting of this TRO renders the PI request, and the habeas petition itself, moot.

4. The parties shall meet and confer and file a joint status report regarding the Respondents' compliance with this Order by Wednesday, January 28, 2026.

5. The Court waives the bond requirement pursuant to Federal Rule of Civil Procedure 65(c) as to Petitioner.

**IT IS SO ORDERED.**

                                                                        :

Initials of Deputy Clerk